# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2023

Lyle W. Cayce
Clerk

No. 21-60929
Summary Calendar

Elida Hernandez-Guerrero,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 638 341

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Elida Hernandez-Guerrero, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a denial by the Immigration Judge (IJ) of her application for asylum, withholding of removal, and protection under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60929

Convention Against Torture (CAT). She based her application on her kidnapping and assault by unknown individuals, which culminated in an extortion demand and on other extortion by gang members that she experienced as a business owner. Although we ordinarily review only the BIA's reasoning, we may review the IJ's decision to the extent it influences or is adopted by the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Contrary to Hernandez-Guerrero's challenge, the record does not compel a conclusion contrary to that of the BIA that she failed to establish the required nexus between the harm she experienced and a protected ground. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 231 (5th Cir. 2019). This record, including Hernandez-Guerrero's own testimony, substantially supports the BIA's finding that the assault and extortion were criminally financially motivated. *See id.* at 224. The lack of a nexus is dispositive of Hernandez-Guerrero's asylum claim, *see Vasquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022), and it is therefore unnecessary to address her remaining arguments as to asylum. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

As to Hernandez-Guerrero's challenge that the immigration court lacked jurisdiction because the notice to appear did not state the date and time of the hearing, we have expressly rejected the argument. *See Garcia v. Garland*, 28 F.4th 644, 646-48 (5th Cir. 2022).

Hernandez-Guerrero does not challenge the agency's conclusion that she failed to establish entitlement to CAT relief and has thus abandoned such an argument. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). As well, we lack jurisdiction to consider Hernandez-Guerrero's argument, raised for the first time before this court, that, under the withholding of removal standard, she must establish only that a protected ground is "a reason" for the persecution, rather than a "central reason" as is required for

No. 21-60929

asylum claims. *See Tibakweitira v. Wilkinson*, 986 F.3d 905, 913 (5th Cir. 2021).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.